ENTERED
CLERK, U.S. DISTRICT COURT

JUL 28 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

JUL 26 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ORIGINAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only ____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROSIE KREIDLER,                      )   Case No. EDCV 04-0662-RC
                                     )
                Plaintiff,           )
                                     )
vs.                                  )   OPINION AND ORDER
                                     )
JO ANNE B. BARNHART,                 )
Commissioner of the Social          )
Security Administration,            )
                                     )
                Defendant.           )
_____)

     Plaintiff Rosie Kreidler filed a complaint on June 8, 2004,
seeking review of the Commissioner's decision terminating her
disability benefits.  The Commissioner answered the complaint on
February 28, 2005, and the parties filed a joint stipulation on
April 4, 2005.


                              BACKGROUND

     On April 16, 1991, plaintiff applied for disability benefits
under Title II of the Social Security Act, 42 U.S.C. § 423, claiming
an inability to work since July 31, 1989.  Certified Administrative
Record ("A.R.") 46-48.  The plaintiff was found to be disabled,

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

meeting the requirements of Listing 12.04 (affective disorders), and was awarded Title II benefits effective February 1, 1991. A.R. 16, 35. On October 24, 1997, the Social Security Administration ("SSA") terminated plaintiff's disability benefits, stating "[t]he medical evidence shows additional evidence was needed to evaluate the severity of your condition. We set up an examination, but the appointment was not kept. Our efforts to obtain your cooperation were unsuccessful. Therefore, benefits are denied." A.R. 209-12.

The plaintiff apparently appealed this decision, A.R. 14, and a telephonic hearing was held on October 13, 2000, before Disability Hearing Officer Lauren Young ("the DHO"), A.R. 33-34, who issued a decision terminating plaintiff's disability benefits. A.R. 30-43. Specifically, the DHO found:

> [D]espite multiple notices by the Disability Determination Service [plaintiff] failed [to attend] consultative examinations [scheduled for] 10/17/97, 10/21/97, and again on 9/1/00 [and] 9/7/00. The [DHO] has notified [plaintiff] verbally and in writing that no medical evidence has been received to evaluate her current condition. On 10/13/00[, plaintiff] agreed to provide the name and address of her current treating psychiatrist. She verbally acknowledged the understanding her benefits would be ceased without this information. On 10/18/00[,] she was sent written notice to call within 10 days or her claim would be closed due to insufficient evidence. As of today's date, twenty days have

1        elapsed with no contact from [plaintiff].  There are no

2        medical records in [the] file to establish current

3        disability.

4

5 A.R. 35.

6

7      On February 27, 2001, plaintiff requested an administrative

8 hearing, claiming she was still disabled, A.R. 28-29; however, on

9 July 19, 2002, Administrative Law Judge Alan K. Goldhammer ("ALJ

10 Goldhammer") dismissed plaintiff's request for an administrative

11 hearing when plaintiff failed to appear at her scheduled hearing.

12 A.R. 223-26.  In so doing, ALJ Goldhammer found:

13

14        On April 18, 2002, a Notice of Hearing was mailed to

15        [plaintiff] to inform her of the time and place set for the

16        hearing.  The hearing was re-scheduled from May 23rd to

17        June 25, 2002, and [plaintiff] personally was informed of

18        and agreed to the change.  Neither [plaintiff] nor anyone on

19        her behalf appeared on June 25th, 2002. . . .  [¶]  It

20        should be noted that this is a cessation case and that

21        [plaintiff] presumably is still entitled to benefit

22        payments.  In considering whether to dismiss this matter, I

23        noticed that  [plaintiff] did not attend any of the

24        consultative examinations scheduled for her and that her

25        request for hearing was filed late but excused because she

26        had moved so often her address changes were considered a

27        justification for the late filing.  It appears that

28        [plaintiff] would have been likely to have been found

3

1    uncooperative and may be stalling or trying to delay the

2    cessation of her benefit payments. . . .  A Notice to Show

3    Cause for Failure to Appear was mailed to [plaintiff] on

4    June 25, 2002.  No response was made to the Notice as of the

5    date of this Order.

6

7  A.R. 225.

8

9       On August 9, 2002, plaintiff sought review of this dismissal, and

10  on January 22, 2003, the Appeals Council remanded the matter for an

11  administrative hearing, which was held before Administrative Law Judge

12  F. Keith Varni ("the ALJ") on January 16, 2004.  A.R. 2, 14, 18-27.

13  On February 5, 2004, the ALJ issued a decision finding plaintiff's

14  disability ceased on October 15, 1997, and her eligibility for medical

15  benefits ceased on December 31, 1997.  A.R. 10-17.  The plaintiff

16  appealed this decision to the Appeals Council, which denied review on

17  May 1, 2004.  A.R. 5-9.

18

19                        DISCUSSION

20       Pursuant to 42 U.S.C. § 405(g), the Court has the authority to

21  review the Commissioner's decision denying plaintiff disability

22  benefits to determine if his findings are supported by substantial

23  evidence and whether the Commissioner used the proper legal standards

24  in reaching his decision.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th

25  Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).

26

27       "In determining whether the Commissioner's findings are supported

28  by substantial evidence, [this Court] must review the administrative

1  record as a whole, weighing both the evidence that supports and the
2  evidence that detracts from the Commissioner's conclusion." Reddick,
3  157 F.3d at 720; Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir.
4  2001). "If the evidence can reasonably support either affirming or
5  reversing the [Commissioner's] conclusion, the court may not
6  substitute its judgment for that of the [Commissioner]." Reddick, 157
7  F.3d at 720-21; McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir.
8  2002).

9

10     A claimant whose condition has improved medically so that she is
11  able to engage in substantial gainful activity may no longer be
12  disabled.  42 U.S.C. § 423(f); 20 C.F.R. § 404.1594; Flaten v. Sec. of
13  Health & Human Servs., 44 F.3d 1453, 1459-60 (9th Cir. 1995).
14  Benefits may also cease for non-medical reasons, including "if the
15  individual . . . fails, without good cause, to cooperate in a review
16  of the entitlement to such benefits. . . ."  42 U.S.C. § 423(f); 20
17  C.F.R. §§ 404.1518(a), 404.1594(e).  In making "any determination
18  relating to . . . failure by any individual without good cause to
19  cooperate . . . , the Commissioner . . . shall specifically take into
20  account any physical, mental, educational, or linguistic limitation
21  such individual may have (including any lack of facility with the
22  English language)."  42 U.S.C. § 423(f).

23

24     Here, the ALJ determined plaintiff's disability ceased for non-
25  medical reasons as of October 15, 1997, because plaintiff "refused to
26  cooperate with the [SSA] by not attending consultative examinations
27  and not provid[ing] requested medical evidence. . . ."  A.R. 16.
28  Specifically, the ALJ found:

1   Based on medical considerations the State Agency physicians
2   determined . . . that [plaintiff's] disability ended on
3   October 15, 1997 and [plaintiff's] entitlement was for two
4   full months after that date.  The [plaintiff] failed to
5   appear for a number of repeatedly rescheduled consultative
6   examinations.  She managed to stall the disability hearing
7   to November 3, 2000 by moving repeatedly and by other
8   strategies.  When [plaintiff] finally received an
9   unfavorable hearing officer's decision she filed a tardy
10  request for hearing which was generously accepted as timely
11  without any credible rationale, as was [plaintiff's] request
12  for benefit continuation.  The [plaintiff] further delayed
13  the progress of the case by moving but it was finally set
14  for June 25, 2002, almost five years after the proposed
15  cessation date.  The [plaintiff] failed to appear for that
16  hearing and the [ALJ] reasonably dismissed [plaintiff's]
17  request for hearing.  The Appeals Council initially affirmed
18  the dismissal but then inexplicably found [plaintiff]
19  because of more moves was justified in not attending the
20  scheduled hearing and remanded the matter. . . .  [¶]  The
21  hearing officer's decision dated November 3, 2000 cited
22  [plaintiff's] lack of cooperation and dilatory tactics.  The
23  [plaintiff] was scheduled for consultative examinations on
24  October 17, 1997, October 21, 1997, September 1, 2000, and
25  September 7, 2000, and failed to appear at any of these
26  scheduled examinations.  The [plaintiff] was out of state at
27  the time of the hearing officer's interview and a telephone
28  hearing was conducted. . . .  The [plaintiff] was notified

that despite her numerous physical and mental complaints, no
medical evidence had been received to evaluate her current
condition.  The [plaintiff] agreed to provide current
medical treatment records and the name and address of her
psychiatrist.  She acknowledged the understanding that her
benefits would be ceased without this information.  The
[plaintiff] did not submit additional evidence and
[plaintiff] was notified on October 18, 2000, that her claim
would be closed due to insufficient evidence.  The hearing
officer noted that as of November 3, 2000, no medical
records were submitted to establish [plaintiff's] current
disability and [plaintiff] made no further attempts to
contact Social Security.  It should be noted that during the
hearing officer's telephone interview [plaintiff] admitted
that she was currently attending college courses to finish
her AA degree.  She said that she was living in a motel
across from the campus and was able to clean her room.  She
said she attended two hours of classes a day.  [¶]  The
[plaintiff] was scheduled for a hearing on June 25, 2002,
but [plaintiff] failed to appear despite the fact that [she]
was personally informed of the hearing and agreed to the
date. . . .  ALJ Goldhammer found [plaintiff] had no good
reason for her failure to appear at her scheduled hearing.
A Notice to Show Cause was sent to [plaintiff] for Failure
to Appear on June 25, 2002, but [plaintiff] did not respond
to this notice or give any reason for her nonappearance.
. . .

//

1  A.R. 14-15 (citations omitted; footnote added).[1]

2

3      Plaintiff's repeated failures to attend the consultative
4  examinations scheduled for her constitute a failure to cooperate
5  sufficient to warrant termination of her disability benefits.  42
6  U.S.C. § 423(f); see also 20 C.F.R. § 404.1518(a) ("If you are already
7  receiving benefits and do not have a good reason for failing or
8  refusing to take part in a consultative examination or test which we
9  arranged for you, we may determine that your disability or blindness
10  has stopped because of your failure or refusal.").  Here, plaintiff
11  has not established, or even attempted to argue, she had "good cause"
12  for missing the scheduled appointments.  See, e.g., 20 C.F.R. §
13  404.1518(b) (examples of good cause for failure to appear include:
14  illness on the date of the scheduled examination or test; not
15  receiving timely notice of the scheduled examination or test, or
16  receiving no notice at all; being furnished incorrect or incomplete
17  information, or being given incorrect information about the physician
18  involved or the time or place of the examination or test; or having
19  had a death or serious illness occur in your immediate family).

20

21      Moreover, although plaintiff was initially awarded disability due
22  to a mental impairment, absolutely nothing in the record suggests
23  plaintiff's failure to cooperate was due to her mental impairment.  To
24  the contrary, plaintiff attended consultative physical and psychiatric

25  _____

26      [1]  The plaintiff has "accept[ed]" the ALJ's summary of the
     relevant evidence and testimony "with the exception of the
27  evidence and testimony cited in the disputed issues[,]" Jt. Stip.
     at 3:17-20; however, the plaintiff's "disputed issues" do not
28  address any of the evidence set forth above.

1  examinations before she was awarded disability benefits.  A.R. 79-84.

2  Moreover, as the ALJ found, plaintiff was regularly attending college

3  at or around the time she failed to provide the information requested

4  of her and failed to attend several scheduled consultative

5  examinations.  A.R. 14-15.

6

7       Plaintiff does not dispute these conclusions or her lack of

8  cooperation.  Instead, she ignores the ALJ's rationale entirely and

9  contends this matter must be remanded because the ALJ did not properly

10 consider the entire medical record.  However, this argument misses the

11 mark.  Plaintiff's disability benefits were not terminated because her

12 medical condition had improved; rather, they were terminated for a

13 non-medical reason -- her lack of cooperation -- and, as set forth

14 above, substantial evidence supports this determination.

15

16                              **ORDER**

17      IT IS ORDERED that: (1) plaintiff's request for relief is denied

18 and defendant's request for relief is granted; and (2) the

19 Commissioner's decision is affirmed, and Judgment shall be entered in

20 favor of defendant.

21

22 DATE:  July 26, 2005

23                                    ROSALYN M. CHAPMAN
                                     UNITED STATES MAGISTRATE JUDGE

24 R&R-MDO\04-0062.MDO
   7/26/05

25

26

27

28